THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM PERRIGOUE,<br><br>                     Plaintiff,<br><br>       v.<br><br>WAYNE IVEY,<br><br>                     Defendant. | CASE NO. C25-1700-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On September 9, 2025, the Honorable Kate S. Vaughan, United States Magistrate Judge, granted Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 4). The Clerk then entered Plaintiff's complaint (Dkt. No. 5). However, before issuing summons to serve that complaint, the Court elects to screen this matter pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), which provides that such a case may be dismissed if it "fails to state a claim on which relief can be granted." *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). In addition, the Court must consider whether the complaint establishes the Court's subject matter jurisdiction, which includes a plaintiff's standing before the Court. *See* Fed. R. Civ. P. 12(h)(3).

According to the complaint, which asserts civil rights claims pursuant to 42 U.S.C. § 1983, Defendant, the Brevard County Sheriff, committed First and Fourteenth Amendment

violations when threating protestors with mortal harm. (*See* Dkt. Nos. 5, 5-1.) But Plaintiff fails to allege how ***he*** was personally injured by such statements—a key component to establish standing. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (to adequately plead standing there must be a plausible allegation of injury in fact to a *particular plaintiff*, that is traceable to the challenged action, for which the Court can fashion relief to redress).[1]

Moreover, the Court is tasked pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) with assessing whether the complaint states a claim for relief. To do so, it must contain sufficient factual matter, taken as true, to state such a claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009).[2] In addition, a plaintiff must plead specific facts, for purposes of stating a § 1983 claim, that demonstrate the defendant acted under the color of law in violating the plaintiff's federal right(s). *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).[3] In addition, under the qualified immunity doctrine, government officials[4] are barred from civil liability when their conduct does not violate clearly established statutory or

---

[1] The Court further notes that, even if Plaintiff satisfies this requirement, and summons issues, it is not clear that another core jurisdictional component is satisfied, namely this Court's personal jurisdiction as to Defendant. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 920 (2011) (describing the requirements for general and/or specific personal jurisdiction over a particular defendant); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (same). Here, nothing in the complaint suggests that Defendant, located in Florida, is subject to a Washington court's jurisdiction. Nevertheless, screening for this issue is beyond the authority provided by 28 U.S.C. § 1915.

[2] This requires factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Conclusory allegations of law and unwarranted factual inferences will not do. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

[3] Again, specific, nonconclusory allegations are required. *See, e.g.*, *Griffin v. Los Angeles Cnty.*, 2021 WL 4706996, slip op. at 3 (C.D. Cal. 2021) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 n.3).

[4] Various government actors, including bus drivers, police officers, and state-run medical providers are entitled to qualified immunity. *See e.g., Horton by Horton v. City of Santa Maria,* 915 F.3d 592, 602 (9th Cir. 2019); *Little v. Kitsap Transit,* 2008 WL 5113443, slip op. at 7 (W.D. Wash. 2008); *Reed v. Kariko*, 2024 WL 3309233, slip op. at 2 (9th Cir. 2024).

constitutional rights in the eyes of a reasonable person. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

Based on the foregoing, the Court DECLINES to serve Plaintiff's complaint. Instead, the Court GRANTS Plaintiff leave to amend[5] within 30 days after the date this order is issued. If an amended complaint is not timely filed or if it fails to address the requirements noted above, the Court will dismiss this action without prejudice.

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 10th day of September 2025.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk

---

[5] An amended pleading operates as a complete substitute for an original pleading. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the individual Defendant(s), constitutional or federal statutory claim(s), and the specific facts connecting each Defendant to each claim.

MINUTE ORDER
C25-1700-JCC
PAGE - 3