UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM PERRIGOUE,<br><br>          Plaintiff,<br><br>   v.<br><br>WAYNE IVEY,<br><br>          Defendant. | CASE NO. 2:25-cv-01700-JNW<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915 |

## 1.  INTRODUCTION

This matter comes before the Court on pro se Plaintiff William Perrigoue's Motion for Temporary Restraining Order (TRO) and Preliminary Injunction. Dkt. No. 9. Having reviewed the motions and all relevant materials, the Court, for the reasons explained below, DENIES the motion.

Additionally, because Perrigoue proceeds in forma pauperis (IFP), the Court assesses the sufficiency of Perrigoue's First Amended Complaint (FAC), Dkt. No. 8, under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915"). Upon review, the Court FINDS that Perrigoue's complaint is frivolous and therefore DISMISSES the First Amended Complaint with prejudice because further amendment would be futile.

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915 - 1

## 2. BACKGROUND

Perrigoue, a resident of Auburn, Washington, initiated this action on September 4, 2025, by filing an application for leave to proceed IFP. Dkt. No. 1. U.S. Magistrate Judge S. Kate Vaughan granted Perrigoue's application for IFP status, Dkt. No. 4, allowing his complaint to be filed on the docket, *see* Dkt. No. 5. But Judge Vaughan recommended that the Court review the sufficiency of Perrigoue's complaint under Section 1915 before issuing summons. *See* Dkt. No. 4.

The next day, U.S. District Judge John Coughenour issued a minute order declining to serve Perrigoue's complaint under 28 U.S.C. § 1915, the IFP statute, because the complaint was insufficient to "establish[ ] the Court's subject matter jurisdiction, which includes a plaintiff's standing before the Court." Dkt. No. 6 at 1 (citing Fed. R. Civ. P. 12(h)(3)). Perrigoue was given 30 days to amend his complaint to adequately allege, among other things, "how he was personally injured" by the statements of Defendant Wayne Ivey—the Sheriff of Brevard County, Florida—who "threaten[ed] protestors with mortal harm." *Id.* at 1–2. At that time, Perrigoue was warned that if his amended complaint "failed to address the [standing] requirements . . . the Court will dismiss this action." *Id.* at 3.

On October 10, 2025, Perrigoue timely filed the FAC, alleging that he viewed an online video of a press conference, during which Defendant "stated than anyone who attacked or protested against his deputies would be 'killed graveyard dead.'" Dkt. No. 8 at 2. He claims that as a result of this statements, he (1) "has suffered emotional distress and loss of sense of security," (2) is afraid of attending a protest "due to the conduct of others and a subsequent police response modeled on

Defendant's rhetoric," and (3) that Defendant has "failed to properly perform his duties as sheriff." *Id.* at 2–3. He brings claims under 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fourteenth Amendment rights. He seeks declaratory, injunctive, and monetary relief. Dkt. No. 8 at 4.

Alongside his amended complaint, Perrigoue moved for a TRO, which contains no indication of notice or service upon Defendant. *See* Dkt. No. 9.

### 3.  DISCUSSION

#### 3.1  Perrigoue fails to satisfy the procedural requirements for an ex parte TRO.

The issuance of injunctive relief before final adjudication is governed by Rule 65, which authorizes preliminary injunctions and temporary restraining orders (TROs) when certain substantive and procedural requirements have been met. *See* Fed. R. Civ. P. 65. To obtain a TRO, the moving party must serve all motion papers on the nonmoving party unless the requirements of Rule 65(b)(1)—issuance of a TRO without notice—are met. LCR 65(b)(1); Fed. R. Civ. P. 65(b)(1). The Court may issue an ex parte TRO—meaning a TRO without notice to the adverse party—only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" *and* the movant certifies in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)*; see also* LCR 65(b)(1) ("Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or

contemporaneously with the filing of the motion and include a certificate of service with the motion."). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). Where, as here, a party proceeds pro se, district courts must construe their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even so, pro se litigants remain subject to the stringent procedural and substantive rules that govern TROs. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Perrigoue's motion fails to satisfy the procedural requirements of Rule 65(b) and Local Civil Rule 65(b)(1). It includes no certification indicating notice given to Defendant Wayne Ivey. Nor does it address the standard for issuance of an ex parte TRO. It neither certifies "efforts made to give notice," nor provides "reasons why it should not be required." *See* Fed. R. Civ. P. 65(b)(1). And Perrigoue's case does *not* falls within those "very few circumstances justifying the issuance of an ex parte TRO." *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

On this procedural basis alone, the motion for TRO is DENIED.

### 3.2  Perrigoue lacks constitutional standing, requiring dismissal under Section 1915.

When a party proceeds IFP, the Court must dismiss the action if the Court determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915 - 4

complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Constitutional standing is a "necessary element of federal-court jurisdiction." *Thomas v. Mundell*, 572 F.3d 756, 760 (9th Cir. 2009). To establish constitutional standing, a plaintiff must show that (1) she suffered an injury in fact, (2) there is a causal connection between the injury and the defendants' conduct, and (3) the injury will likely be redressed by a favorable decision from the Court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citations and internal quotation marks omitted). When a plaintiff seeks prospective injunctive relief, the threatened future injury must be "certainly impending," not merely possible. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Perrigoue fails to establish an injury in fact. Perrigoue does not allege that he will be subject to the enforcement policies as stated by Defendant, nor does he allege that any such subjugation is likely to take place. He resides about 3,000 miles from Defendant's jurisdiction in Brevard County, Florida, and alleges no concrete plans to travel to Brevard County or to encounter Defendant's deputies. Rather, he alleges that Defendant's statement was shocking to him and was enough to chill his right to assembly. But this speculation cannot create a concrete injury in fact. *Lujan*, 504 U.S. at 560.

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915 - 5

The First Amendment does not salvage Perrigoue's standing. Perrigoue challenges Defendant's public statements, not any statute, regulation, or enforceable policy. Even with relaxed standing requirements in First Amendment cases, which applies to pre-enforcement challenges to laws that chill speech, *see Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988), a plaintiff must establish a realistic danger of direct injury from the challenged law, *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). Perrigoue's generalized fear of attending protests anywhere falls short of this standard, particularly where he challenges only Defendant's public statements rather than any enforceable statute, regulation, or policy.

Perrigoue also fails to establish causation. Even if Perrigoue's injuries were actual and imminent, he also fails to show how they are "fairly traceable" to Defendant rather than the independent actions of a third party. *Virginia Sur. Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1246 (9th Cir. 1998). Again, the point must be emphasized, Perrigoue is not a resident of Brevard County, Florida, and is far beyond the jurisdiction and reach of Defendant. Indeed, Perrigoue's alleged fears are based not on Defendant's actions, but rather on the "conduct of others and a subsequent police response modeled on Defendant's rhetoric." Dkt. No. 8 at 2–3. "[W]here the causal chain involves [a] third part[y] whose independent decisions collectively have a significant effect on plaintiffs' injuries . . . the causal chain is too weak to support standing." *Native Vill. Of Kivalina v. ExxonMobil Corp.*, 696 F.3d 849, 867 (9th Cir. 2012). This defect is fatal to Perrigoue's complaint because even if he could establish an injury in fact—which he cannot—it would not be traceable to

Defendant, but rather to those who would threaten him in such a manner as to actually chill his right to assemble and otherwise infringe on his constitutional guarantees.

Because Perrigoue lacks constitutional standing to bring this action, the Court must DISMISS the case. While a pro se litigant ordinarily must be given leave to amend his or her complaint, it is abundantly clear to the Court that further amendment would be futile. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). Perrigoue was previously informed that he lacked standing to bring this claim and could not adequately address the concern upon amendment. The problem is not Perrigoue's pleading, but the fundamental absence of a case or controversy between a Washington resident and a Florida sheriff concerning statements about law enforcement policy in Florida. No amendment can cure this jurisdictional defect.

Finding further amendment to be futile, the First Amended Complaint is DISMISSED WITH PREJUDICE. *See, e.g.*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### 4. CONCLUSION

In sum, Perrigoue's motion for TRO is DENIED for failing to comply with Rule 65(b) and Local Civil Rule 65(b)(1). Additionally, Perrigoue's First Amended Complaint is DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i). All remaining motions are TERMINATED.

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915 - 7

Dated this 16th day of October, 2025.

Jamal N. Whitehead
United States District Judge

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915 - 8